**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ILENE BRAXTON, | ) |
| Plaintiff, | ) |
| v. | ) 3:12-cv-28-RCJ-VPC |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) **ORDER** |
| Defendant. | ) |

Currently before the Court is the Report and Recommendation of U.S. Magistrate Judge (#22).

**BACKGROUND**

In February 2013, U.S. Magistrate Judge Valerie Cooke issued a Report and Recommendation ("R&R") on the above-referenced case pursuant to 28 U.S.C. § 636(b)(1)(B) and Nev. Loc. R. IB 1-4. (R&R (#22) at 1). The R&R recommended that this Court deny Plaintiff's motion to remand (#13) and grant Defendant's cross-motion for summary judgment (#18). (*Id.*).

The R&R states the following. (*Id.*). On October 29, 2008, Plaintiff Ilene E. Braxton ("Plaintiff") filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (*Id.*). Plaintiff alleged disability beginning February 28, 2007, due to degenerative disc disease, muscle spasms, nervous tics in her extremities, an inability to bend, twist, hold or lift heavy items, supraventricular tachycardia ("SVT"), heart murmur, neck problems, shoulder problems, numbness, stiff hips, an occasional inability to walk and

problems sleeping due to pain. (*Id.* at 1-2). The Social Security Commissioner denied Plaintiff's claims initially and on reconsideration. (*Id.* at 2). On September 17, 2010, Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Jean R. Kerins. (*Id.*). On November 3, 2010, the ALJ issued a written opinion, upholding the denial of Plaintiff's claims. (*Id.*). On November 18, 2010, the Appeals Council denied review, rendering the ALJ's decision final. (*Id.*). On January 17, 2012, having exhausted all administrative remedies, Plaintiff filed a complaint for judicial review in this Court. (*Id.*).

On judicial review, Plaintiff argues that the ALJ made multiple legal errors and came to conclusions that were not supported by substantial evidence in the record. (*Id.* at 4). Plaintiff asserts that the ALJ: (1) improperly disregarded Plaintiff's obesity at Steps 2 and 3 of the sequential evaluation process; (2) should have obtained an MRI report before finding Plaintiff's brain atrophy to be a non-severe impairment; (3) should have ordered a consultative evaluation to assess Plaintiff's brain atrophy; and (4) should have followed the "Special Technique" set forth in 20 C.F.R. § 404.1520a to assess Plaintiff's brain atrophy. (*Id.*).

In the R&R, Judge Cooke found: (1) the ALJ did not commit reversible error in failing to consider Plaintiff's obesity at Step 2 of the sequential evaluation process; (2) the ALJ did not commit reversible error in failing to consider Plaintiff's obesity at Step 3 of the sequential evaluation process; (3) substantial evidence in the record supported the ALJ's conclusion that Plaintiff's brain atrophy was a non-severe impairment; and (4) there was nothing in the record that supported Plaintiff's assertion that she was mentally impaired within the meaning of 20 C.F.R. § 404.1520a. (*Id.* at 8, 10, 12, 14). Judge Cooke concluded that the ALJ's decision was supported by substantial evidence in the record and recommended that this Court deny Plaintiff's motion to remand and grant Defendant's cross-motion for summary judgment. (*Id.* at 14).

Plaintiff's objections are now pending before this Court. (Objections (#25)).

## DISCUSSION

Plaintiff files an objection to the R&R. (Objections (#25) at 1). Plaintiff asks this Court "to reconsider this case *de novo*, examining <u>all</u> issues raised and fully briefed." (*Id.* at 2).

Plaintiff's specific objection states in full:

> In finding Plaintiff not disabled, the Magistrate Judge impermissibly substituted her judgment for that of the ALJ, in contravention of well-settled principles of administrative law. The Magistrate attempted to clarify and justify the ALJ's findings. She ascribes rationale to his findings that the ALJ never actually expressed, deeming it "substantial evidence." R&R at 12. However, the ALJ's rationale was opaque at best, and if she could not clearly explain her findings in her decision, the Court may not do so for her now.

(*Id.*). Plaintiff requests that this Court "review all arguments *de novo*, requiring the ALJ, at a minimum, to make proper findings at Steps 2 and 3, utilizing the proper technique for evaluating mental impairments under 20 C.F.R. § 404.1520a." (*Id.* at 3).

In response, the Commissioner argues that the R&R reveals that the magistrate judge regularly referenced the ALJ's findings including medical evidence and Plaintiff's testimony. (Resp. to Objections (#26) at 1). The Commissioner asserts that the magistrate judge did not replace her judgment for the ALJ's but instead, in accordance with established case law, determined that any ALJ error in failing to consider such evidence had no effect on the outcome and was harmless. (*Id.* at 1-2). The Commissioner argues that Plaintiff fails to demonstrate any error either by the ALJ or magistrate judge and urges this Court to adopt the R&R in full. (*Id.* at 2).

Pursuant to Local Rule IB 3-2, a party wishing to object to the findings and recommendations of a magistrate judge shall "file and serve specific written objections together with points and authorities in support thereof." Nev. Loc. R. IB 3-2(a). "The district judge shall make a *de novo* determination of those portions of the specified findings or recommendations to which objections have been made. The district judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Nev. Loc. R. IB 3-2(b); *see also* 28 U.S.C. § 636(b)(1)(C).

In this case, the Court finds that Plaintiff has failed to make specific written objections warranting *de novo* review of all issues raised and briefed. Instead of specifically identifying portions of the R&R that Plaintiff objects to and the reasoning for those objections, Plaintiff asserts that it is entitled to a complete *de novo* review. With respect to the objection that the magistrate impermissibly substituted her judgment for that of the ALJ, Plaintiff off-handedly

cites to page 12 of the R&R.  A review of page 12 of the R&R demonstrates that the magistrate judge cited and quoted the medical evidence in the administrative record and the ALJ's finding.  (*See* R&R (#22) at 12).  Plaintiff does not argue or state that any of the medical evidence referred to in the R&R is incorrect.  This Court notes that on judicial review the courts must determine whether substantial evidence exists to support the findings of the ALJ and that, in making that determination, the courts must look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings.  *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995).  This is what the magistrate judge did on review and Plaintiff has not made any specific objections to the contrary.  The Court denies Plaintiff's objections and request for full *de novo* review and adopts in full the Report and Recommendation of U.S. Magistrate Judge (#22).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Report and Recommendation of U.S. Magistrate Judge (#22) is ADOPTED in full.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (#13) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion for Summary Judgment (#18) is GRANTED.

DATED: This _9th_ day of July, 2013.

_____
United States District Judge